Shanks Leonhardt /Bar No. 025595
**SANDERS & PARKS, P.C.**
3030 North Third Street, Suite 1300
Phoenix, AZ  85012-3099
Direct Phone: (602) 532-5677
Direct Fax: (602) 230-5077
Shanks.Leonhardt@sanderssparks.com

Attorney for Defendants
Moawad Consulting Group and Trevor Moawad

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Keith F. Bell, Ph. D.,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>The Moawad Group, LLC, d/b/a Moawad Consulting Group; Trevor Moawad, individually and d/b/a Moawad Consulting Group,<br><br>　　　　　　Defendants. | Case No.:  2:17-CV-02109-DGC<br><br>**PARTIES' JOINT CASE MANAGEMENT REPORT** |

Pursuant to the Court's July 6, 2017 Order (Dkt. 30), Plaintiff Keith F. Bell and Defendants The Moawad Group, LLC and Trevor Moawad ("Defendants") jointly file this report detailing the initial May 17, 2017 conference and follow up July 17, 2017 conference held between counsel for the respective parties.

1. **Rule 26(f) Conference Attendance:** JT Morris attended on behalf of Plaintiff. Shanks Leonhardt attended on behalf of Defendants.
2. **Parties to the case:**
    a. Plaintiff Keith F. Bell, Ph.D., a resident of Austin, Texas.
    b. Defendant Trevor Moawad, a resident of Scottsdale, Arizona.
    c. Defendant Moawad Group LLC d/b/a Moawad Consulting Group, an Arizona limited liability company with a principal place of business in

Scottsdale, Arizona. Moawad Group LLC has no parent entity.

3. **Nature of the Case:**

Plaintiff's position:

Plaintiff is a sports psychologist and sports performance consultant who has worked with over five-hundred athletic teams, including Olympic and national teams for various countries. He is also a decorated athlete and coach. Drawing from his worldwide professional and athletic experiences and achievements, Plaintiff also has authored and published many books and articles concerning sports psychology and sports performance.

Plaintiff holds a valid copyright registration in his most well-known literary work, *Winning Isn't Normal*. A specific passage of *Winning Isn't Normal* is particularly renowned, and is viewed by Plaintiff and many others as the heart of his work. Plaintiff has and continues to promote, distribute, offer for sale, and sell numerous copies of *Winning Isn't Normal* and derivative works. Plaintiff consistently has provided clear notice of his copyright in *Winning Isn't Normal.* Plaintiff includes copyright notices on physical and electronic copies of *Winning Isn't Normal* and the websites on which he sells the work and derivative works.

Due to the success of *Winning Isn't Normal*, Plaintiff has been able to increase his international recognition as an authority in sports psychology and sports performance. Plaintiff has become so synonymous with the expression "Winning Isn't Normal" that he enjoys a federal trademark registration in the expression. Plaintiff has offered and continues to offer licenses at fair and reasonable rates to others who wish to publish or otherwise use the WIN Passage or other parts of *Winning Isn't Normal* on the internet or in traditional publishing mediums.

Defendants, like Plaintiff, provide sports performance and sports psychology coaching and consulting services. On May 11, 2016, Defendants reproduced, displayed and distributed heart of *Winning Isn't Normal* on three separate social media websites without receiving prior authorization from Plaintiff. Defendant's unauthorized use of Plaintiff's work was done without attributing the work to Plaintiff and without including any

copyright information. Defendants' unauthorized use was not accompanied by commentary or criticism of Plaintiff's work, nor did it transform Plaintiff's work whatsoever. Defendants accessed Plaintiff's work conducting a Google search for content to post on their social media pages to promote their services and interact with users. A Google search for "winning isn't normal" or related phrases show clearly that Plaintiff is the sole author of *Winning Isn't Normal*, and that he holds a registered copyright in the same.

Defendants wrongly used Plaintiff's copyrighted work on three distinct websites to promote their own sports performance and sports psychology services that compete with Plaintiff's. Defendants did so willfully, as any Google search they could have conducted leading to the heart of Plaintiff's work would have shown Plaintiff is the sole author and copyright holder in the work. As a result, Plaintiff is entitled to damages under 17 U.S.C. § 504 from Defendants three distinct acts of willful copyright infringement of the heart of Plaintiff's well-known work, as well as any knowing removal or omission of copyright management information from Plaintiff's work pursuant to 17 U.S.C §§ 1202(b) and 1203(c). Plaintiff is also entitled to recover fees and costs pursuant 17 U.S.C. § 505.

Defendants' position:

This case arises out of Moawad Group's single posting of a Google image on it social media accounts on or about May 11, 2016.  The image contained 219-words of unattributed text ("the Image").  Defendants did not create or modify the Image and they had no idea the Image contained copyrighted material belonging to Plaintiff or anyone else. Moawad Group had no prior knowledge of Plaintiff or his 35-year old book.

Defendant Moawad Group is a small business based in Arizona that works with professional, collegiate, military and top business organizations with the end goals of enhancing and improving present performance through mental conditioning.  Moawad Group maintains social media accounts on Facebook, Twitter, and Instagram platforms, where it posts inspirational messages and images from time-to-time.  Moawad Group's presence on social media is very limited and reached approximately 3,500 other social

1  media accounts at the time the Image was shared.

2  After sharing the Image, Moawad Group received a written notification from 3 Plaintiff that the Image contained an excerpt from his 72-page copyrighted work titled 4 *Winning Isn't Normal*. Upon receipt of this notification, Moawad Group immediately 5 removed the Image from its social media accounts.

6  Plaintiff suffered no damages as a result of Moawad Group's sharing of the Image. 7 Defendants did not sell the Image or otherwise derive any revenue or acquire any clients 8 from their use of the Image. Defendants sharing of the Image also did not chill any market 9 for purchasing Plaintiff's work. Plaintiff makes the same content in the Image available 10 for free for anyone to read on his own website.

11  More importantly, Defendants have learned that the Image and its content have been 12 shared in one form or another ubiquitously throughout social media since at least July 2015 13 and could be considered an internet "meme." In fact, the only reason Defendants would 14 have retrieved the Image from Google was because it (and other similar images) were 15 shared previously on other social media accounts. This sharing of the Image through social 16 media continues to this day. Defendants' have identified at least 129 unattributed versions 17 of the Image or its content online with 2000+ retweets/shares.

18  Plaintiff does not meaningfully contest any of these facts. Plaintiff's claim against 19 Defendants is a claim for statutory damages under the Copyright Act, which can range 20 from $200 to $150,000. 17 U.S.C. § 504 (2017). Plaintiff's factual allegations and the 21 prima facie evidence submitted in connection with Defendants' Motion to Dismiss 22 demonstrate that this is not case of intentional infringement for profit or gain warranting 23 extreme statutory damages. Instead, Defendants' use of the Image was inadvertent, part of 24 a ubiquitous sharing of the Image through social media, and, likely, constituted fair use.

25  Defendants are not aware of any court in the United States that has awarded statutory 26 damages under facts similar to this case. Thus, all the evidence suggests that Plaintiff likely 27 has no damages—or, at most, may receive nominal damages at the very lowest end of the 28 spectrum within 17 U.S.C. § 504.

4. **Jurisdictional Basis:**

The Court has subject matter jurisdiction over this action because it is a Federal question arising under the Copyright Act, pursuant to 28 U.S.C. § 1331 and § 1338(a). The Court has personal jurisdiction over Defendants because they both are residents of Arizona.

5. **Service and Answer:** All parties have been served, and both Defendants have answered Plaintiff's Amended Complaint.

6. **Additional Parties and Amendments:** Neither party expects to add additional parties or amend pleadings at this time.

7. **Contemplated Motions:**
    a. Plaintiff anticipates filing a motion for summary judgment on the issue of liability.
    b. Defendant anticipates filing a motion for summary judgment on the issues of liability and damages.

8. **Magistrate Judge:** The parties have not agreed to reference to a United States Magistrate Judge for trial. The parties are amenable to a settlement conference before a United States Magistrate Judge at the appropriate time.

9. **Related Cases:** There are no related cases pending before this or any other Court.

10. **ESI:** Electronically-stored information may be a significant source of discovery for both parties. The parties have agreed to discuss further, and if necessary, draft and finalize an agreement for the treatment and production of ESI.

11. **Privilege and Work Product:** The parties do not foresee any issues regarding claims of privilege or protection of trial-preparation materials.

12. **FRE 502:** The parties do not believe a court order under Fed. R. Evid. 502(d) is necessary.

13. **MIDP**: Given that Defendants filed their answer on July 24, 2017, the parties are within the thirty-day window for complying with the MIDP requirements. The parties to date have not encountered any issues related to complying with the MIDP. The parties may ask the Court for an extension to comply with the MIDP based on what the parties

anticipate may be productive settlement negotiations to occur over the next 30 days.

14. **Discovery:**
    a. Discovery will likely be focused on (1) details concerning the alleged willful copyright infringement at issue; (2) the value of Plaintiff's work allegedly infringed; (3) the frequency of other uses of portions of the copyright in social media without compensation to Plaintiff, and (4) Plaintiff's damages, if any.
    b. The parties do not see the need for any changes to the limitations on discovery under the Federal Rules of Civil Procedure or the Local Rules of this District.
    c. The parties have discussed limitations of depositions, and agree that each side shall be limited to **twelve (12) hours** of deposition time, exclusive of any depositions of testifying experts. The parties further agree that no deposition shall be in excess of **seven (7) hours.**

15. **MIDP Responses:** The parties currently anticipate serving their MIDP responses by August 23, 2017, unless the parties request and the Court grants an extension to serve such responses.

16. **Proposed Dates:**
    a. **Fact Discovery:** March 2, 2018.
    b. **Expert Disclosures:** Plaintiff shall designate and disclose any testifying experts by December 1, 2017. Defendant shall designate and disclose any testifying experts by February 2, 2018.
    c. **Expert Depositions:** March 2, 2018.
    d. **Deadline To Participate in Settlement Conference**: May 1, 2018.
    e. **Dispositive Motions**: April 1, 2018

17. **Jury Demand**: Plaintiff has demanded a jury trial. Defendants do not contest.

18. **Settlement Prospects**: The parties believe that settlement is achievable, and are continuing to work toward an amicable resolution of this case.  To the extent the parties

need assistance in settlement talks, they may request assistance from a settlement conference judge.

19. **Other Matters:** None.

**DATED** this 2nd day of August, 2017.

**SANDERS & PARKS, P.C.**

By   s/Shanks Leonhardt
Shanks Leonhardt
3030 North Third Street, Suite 1300
Phoenix, AZ  85012-3099
Attorney for Defendants Moawad
Consulting Group and Trevor Moawad

**JT MORRIS LAW, PLLC**

By   s/JT Morris
JT Morris
610 Brazos Street, Suite 320
Austin, TX 78701

   -and-

Kenneth A. Motolenich-Salas
Gallagher & Kennedy
2575 East Camelback Road
Phoenix, Arizona, 85016

Attorneys for Plaintiff Keith Bell

**CERTIFICATE OF SERVICE**

I hereby certify that on August 2nd, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing thereby transmitting a Notice of Electronic Filing to all CM/ECF registrants.

By  s/Annalisa Burns